UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE ABRAMS**

LG ELECTRONICS, INC. and
LG ELECTRONICS U.S.A., INC.,

Plaintiffs,

v.

WI-LAN USA, INC. and WI-LAN INC.,

Defendants.

Case No.

**13 CV 2237**

**COMPLAINT**

**[REDACTED]**

Plaintiffs LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively "LG"), by its

undersigned counsel, GREENBERG TRAURIG, LLP, and for its Complaint against defendants Wi-

LAN USA, Inc. and Wi-LAN Inc. (collectively "Wi-LAN"), hereby allege as follows:

<u>**SUMMARY OF NATURE OF ACTION**</u>

1.      This is an action for injunctive relief and a declaratory judgment enjoining Wi-

LAN USA, Inc. and Wi-LAN Inc. from proceeding with an arbitration demanded by Wi-LAN

that JAMS commenced on March 4, 2013, against LG within this Judicial District (the "New

York Arbitration" or "Arbitration").  An injunction is warranted here because: (1) Wi-LAN

waived any alleged right to arbitrate by filing a lawsuit in federal district court for the Southern

District of Florida (the "Florida Litigation") four months before it filed an arbitration demand in

New York City; (2) the parties' prior settlement and license agreement ("Agreement") does not

require arbitration because Wi-LAN chose to employ the "equitable/injunctive relief in a judicial

forum" provision of the Agreement by initiating the Florida Litigation; (3) Wi-LAN's arbitration

demand violates the claim-splitting doctrine because Wi-LAN asserted the same claims or causes

of action in the Florida Litigation that it has attempted to simultaneously arbitrate in a different

1

forum (*i.e.*, the New York Arbitration); and/or (4) the Court must determine what, if any, claims should be decided by the arbitrator.

## THE PARTIES

2.     LG Electronics, Inc. is a corporation formed under the laws of the Republic of Korea, with its principal place of business at LG Twin Towers 20, Yeouido-Dong, Yeongdeungpo-Gu, Seoul, South Korea 150-721.

3.     LG Electronics U.S.A., Inc. is a corporation formed under the laws of the State of Delaware with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

4.     Wi-LAN USA, Inc. is a corporation formed under the laws of the State of Florida with its principal place of business at 175 S.W. 7th Street, No. 1803, Miami, Florida 33130.

5.     Wi-LAN Inc. is a corporation formed under the laws of the Nation of Canada with its principal place of business at 11 Holland Avenue, Ottawa, Ontario, Canada K1Y 4S1.

6.     Wi-LAN USA, Inc. is a wholly owned subsidiary of Wi-LAN Inc.

7.     Wi-LAN USA, Inc. and Wi-LAN Inc. acted in concert with regard to the allegations set forth in this Complaint, and therefore the conduct described herein is fairly attributable to either or both entities. Unless specifically stated otherwise, the acts complained of herein were committed by, on behalf of, and/or for the benefit of both Wi-LAN USA, Inc. and Wi-LAN Inc.

## JURISDICTION AND VENUE

8.     This action arises out of LG's request for a temporary restraining order, and thereafter a preliminary injunction, under N.Y. C.P.L.R. § 6313 and/or the Federal Arbitration

Act, 9 U.S.C. § 1 *et seq.*, to enjoin Wi-LAN from participating in and proceeding with an arbitration before JAMS within this Judicial District.

9.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

10.      The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*.

11.      The Court also has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, because an actual controversy exists within the Court's jurisdiction such that the Court may declare the rights and other legal relations between LG and Wi-LAN as interested parties to this action.

12.      The Court has personal jurisdiction over Wi-LAN because this action arises out of specific activities undertaken by Wi-LAN within the State of New York, namely instituting and pursuing the Arbitration against LG.  In addition, the Court has personal jurisdiction over Wi-LAN Inc. because it has an office and/or employee(s) located in the State of New York and transacts business in the State of New York, including the filing of patent infringement lawsuits within the State of New York and negotiating patent licensing agreements within the State of New York.  The Court also has personal jurisdiction over Wi-LAN pursuant to N.Y. C.P.L.R. §§ 301 and 302(a).

13.      Venue is proper in this Judicial District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred within this Judicial District. Specifically, Wi-LAN instituted and is currently pursuing an arbitration against LG within this

Judicial District. Venue is also proper in this Judicial District under 28 U.S.C. § 1391 because Wi-LAN is subject to the Court's personal jurisdiction.

## FACTUAL BACKGROUND

### The Southern District Of Florida Patent Infringement Action Initiated By Wi-LAN

14.     On October 3, 2012, Wi-LAN filed its Original Complaint against LG in the Southern District of Florida alleging two counts of patent infringement under U.S. Patent Nos. 6,359,654 and 7,034,889 (collectively, the "Patents-in-Suit"). (*See generally Wi-LAN Inc. and Wi-LAN USA, Inc. v. LG Electronics, Inc. and LG Electronics U.S.A., Inc.*, Case No. 1:12-cv-23611-JAL, S.D.Fla., Florida Litigation, Dkt. 1.)

15.     Wi-LAN's Complaint sought a jury trial on the merits. (*Id.*)

16.     Wi-LAN's Complaint sought an award of damages as well as a preliminary and permanent injunction. (*Id.*)

17.     On January 25, 2013, LG responded to Wi-LAN's Original Complaint by filing separate motions for summary judgment of noninfringement based on license, to dismiss Wi-LAN's inducement of infringement claims, and to transfer venue to the District of New Jersey. (*See* Florida Litigation, Dkts. 22, 25, 30.)

18.     On February 5, 2013, immediately after the parties held a Rule 26 Conference, Wi-LAN served on LG its First Set of Interrogatories and its First Set of Request for the Production of Documents and Things (collectively "Written Discovery").

19.     On February 8, 2013, Wi-LAN filed a demand for arbitration before JAMS in New York, New York, within this Judicial District.

20.     On February 8, 2013, LG filed a first opposed motion to stay discovery and defer the filing of a Joint Rule 26 Conference Report and Proposed Scheduling Order and the setting of

a Rule 16 Conference pending the Florida Court's decisions on LG's motions. (*See* Florida Litigation, Dkt. 34.)

21.     On February 11, 2013, Wi-LAN filed a First Amended Complaint as a matter of right. (*See* Florida Litigation, Dkt. 35.)

22.     Wi-LAN's First Amended Complaint requests that the Court issue temporary, preliminary and permanent injunctions enjoining LG. (*See* Florida Litigation, Dkt. 35 ¶¶ 15, 24, Demand at B (pg. 8).)

23.     Wi-LAN also filed a motion for leave to file a supplemental Second Amended Complaint to add a willful infringement claim and additional facts. (*See* Florida Litigation, Dkt. 36.)

24.     On February 11, 2013, Wi-LAN moved the Florida Court to compel arbitration in New York, (*see* Florida Litigation, Dkt. 37,) and filed its responses to LG's motions, (*see* Florida Litigation, Dkts. 38, 40, 41).

25.     The Florida Court denied all of LG's motions as moot on February 12, 2013, in view of Wi-LAN's filing of its First Amended Complaint. (*See* Florida Litigation, Dkts. 43-44.)

26.     On February 19, 2013, Wi-LAN served on LG its Rule 26 Disclosures.

27.     On February 22, 2013, LG filed its renewed motions (1) for summary judgment of noninfringement based on license, (2) to dismiss Wi-LAN's inducement of infringement claims and (3) to transfer venue to the District of New Jersey. (*See* Florida Litigation, Dkts. 49, 51, 53.)

28.     LG also filed a second opposed motion to defer the filing of a Joint Rule 26 Conference Report and Proposed Scheduling Order and the setting of a Rule 16 Conference, and for a temporary stay of discovery pending the Court's resolution of LG's renewed motions and Wi-LAN's motion to compel arbitration. (*See* Florida Litigation, Dkt. 52.)

29.     On February 22, 2013, Wi-LAN filed its own unilateral Rule 26(f) Conference Report - Proposed Scheduling Order. (*See* Florida Litigation, Dkt. 54.)

30.     The Florida Court has not yet set a date for a Rule 16 Conference, and the parties have not filed a *Joint* Rule 26 Conference Report and Proposed Scheduling Order.

31.     LG's objections and responses to Wi-LAN's Written Discovery would have been due on March 7, 2013.

32.     On March 4, 2013, LG's counsel requested that Wi-LAN agree to a 30 day extension for LG to respond to Wi-LAN's Written Discovery.

33.     On March 5, 2013, Wi-LAN's counsel responded, via email, that "Wi-LAN will *not* agree to a 30-day extension."

34.     Accordingly, on March 7, 2013, LG filed a motion for a protective order to protect LG from having to object and respond to Wi-LAN's Written Discovery, until the Florida Court resolves LG's dispositive motions and motion to transfer venue as well as Wi-LAN's Motion to Compel Arbitration. (*See* Florida Litigation, Dkt. 67.)

35.     Wi-LAN opposed LG's motions for a stay and for a protective order. (*See* Florida Litigation, Dkts. 68, 78.)

36.     The following motions are currently pending before the Florida Court:  (1) LG's case-dispositive motion for summary judgment of noninfringement based on license; (2) LG's motion to dismiss Wi-LAN's inducement of infringement claims; (3)  LG's motion to transfer venue to the District of New Jersey; (4) LG's motion for a stay pending the Florida Court's decision on the pending motions; (5) LG's motion for a protective order regarding Wi-LAN's Written Discovery; (6) Wi-LAN's motion to compel arbitration (which includes LG's alternative responsive request for a dismissal or stay); and (7) Wi-LAN's motion for leave to file a

supplemental Second Amended Complaint.   (*See* Florida Litigation, Dkts. 36, 37, 49, 51, 52, 53, 67.)

### LG's Case-Dispositive Motion For Summary Judgment Of Non-Infringement Based On License

37.     In each of the three complaints Wi-LAN has filed with the Florida Court, Wi-LAN has identified only one accused product line that allegedly infringes the Patents-in-Suit. That lone accused product line is "the 6200 series of flat panel televisions depicted in the attached Exhibit C."   (*See* Florida Litigation, Dkts. 1 ¶¶ 10, 15; 35 ¶¶ 10, 18; 36-1 ¶¶ 10, 21.)

38.     Exhibit C to Wi-LAN's Original and First Amended Complaints is a publicly available website printout that further identifies LG's 6200 series of flat panel televisions with the following model numbers as accused products: 65LM6200, 55LM6200, 47LM6200, 32LM6200 and 42LM6200.  (*See* Florida Litigation, Dkts. 1-6; 35-3.)

39.     Other than identifying the 6200 series of flat panel televisions generally, and model numbers 65LM6200, 55LM6200, 47LM6200, 32LM6200 and 42LM6200 specifically (collectively, the "Accused Products"), Wi-LAN's Complaints *do not identify any other* specific models, model series, product lines or product categories as constituting allegedly infringing products.

40.     All of the Accused Products identified in Wi-LAN's Complaints are compliant with one or more of the 802.11, or Wi-Fi, standards, *i.e.*, they are all wireless products.

41.     All of the Accused Products are licensed under the Patents-in-Suit by Wi-LAN pursuant to a patent license agreement from a prior civil action between Wi-LAN and LG. (*See* **Ex. A**, 12/21/10 Patent License Agreement.)

42.     ████████████████████████████████████████████
████████████████████████████████. (*Id.*)

43.     Ignoring the parties' prior Agreement, Wi-LAN charged LG with infringement of **licensed patents**, based on LG's manufacture, use, sale and/or importation of **licensed products** in the Florida Litigation.

44.     As discussed in LG's renewed motion for summary judgment of non-infringement, (*see* Florida Litigation, Dkt. 51,) because there is no genuine issue of material fact that the Accused Products are licensed under the patents asserted in the Florida Litigation, LG requested that the Florida Court grant summary judgment in favor of LG and dismiss Wi-LAN's infringement claims as a matter of law.

### LG's Motion To Dismiss Wi-LAN's Inducement Of Infringement Claims

45.     LG filed its Motion to Dismiss Wi-LAN's claims for induced patent infringement because Wi-LAN failed to allege in either its Original or First Amended Complaint that LG had actual, pre-suit knowledge of the Patents-in-Suit and/or that LG had the specific intent to induce others to directly infringe the patents-in-suit. (*See* Florida Litigation, Dkt. 53.)

46.     LG further requested that the Florida Court grant its Motion to Dismiss with prejudice because Wi-LAN had failed three times to allege facts that stated a claim for induced patent infringement, and that any future amendment to its Complaint would be futile. (*Id.*)

### LG's Motion To Transfer Venue To The District Of New Jersey

47.     All of the relevant marketing and sales information pertaining to the Florida Litigation was located in New Jersey, where LG Electronics U.S.A., Inc. is headquartered.

48.     Nevertheless, Wi-LAN filed suit in the Southern District of Florida. (*See* Florida Litigation, Dkt. 1.)

49.     Accordingly, LG sought a transfer to the District of New Jersey, where LG Electronics U.S.A., Inc. is headquartered, in the interests of justice and for the convenience of the parties and witnesses. (*See* Florida Litigation, Dkt. 49.)

**LG's Motion For A Stay Pending The Florida Court's Decision On The Pending Motions And LG's Motion For A Protective Order Regarding Wi-LAN's Written Discovery**

50.     In view of Wi-LAN's simultaneous pursuit of both the Florida Litigation and the New York Arbitration within this Judicial District, LG moved for both a stay (twice) and a protective order to prevent the undue burden and expense of participating in "dual-track" proceedings and to protect its right to respond to Wi-LAN's Written Discovery at the appropriate time. (*See* Florida Litigation, Dkts. 34, 67.)

51.     Wi-LAN's Oppositions to LG's Motion to Stay and Motion for a Protective Order, (*see* Florida Litigation, Dkts. 68 (Opp'n to Mot. to Stay), 78 (Opp'n to Mot. for a Protective Order,) do not identify any actual prejudice that would come upon Wi-LAN if the Florida Court stayed the Florida Litigation and/or relieved LG from having to respond to Wi-LAN's potentially moot Written Discovery.

52.     Wi-LAN made the following statements in its Opposition to LG's Motion to Stay that confirm that Wi-LAN is actively and simultaneously pursuing the same patent infringement claims in federal court and in the New York Arbitration:

- "[T]he pendency of Wi-LAN's motion to compel arbitration should not stay discovery in this proceeding because, even if Wi-LAN prevails in its motion, this litigation may proceed with respect to the nonarbitrable claims at issue in this case." (Florida Litigation, Dkt. 68 at 1; *see also id.* at 9.)

- "LG's motion to stay should be denied and a scheduling order should issue in accordance with the Rule 26(f) report filed by Wi-LAN. (*Id.*)

- "This discovery seeks information relevant to Wi-LAN's *nonarbitrable* claims and is equally valid and appropriate regardless of the forum in which this case proceeds." (*Id.* at 8-9.)

53.     Wi-LAN made the following statements in its Opposition to LG's Motion for a Protective Order that confirm that Wi-LAN is actively and simultaneously pursuing the same patent infringement claims in federal court and in the New York Arbitration:

- "Both LG's Motion for Protective Order and to Stay Should Be Denied ..."  (Florida Litigation, Dkt. 78 at 8.)

- "However, LG does not cite a single case where a court has stayed discovery pending the resolution of a motion to compel arbitration where, like here, *not all issues are arbitrable*." (*Id.* at 10-11.)

- "In this case, as discussed above, there are both arbitrable claims and non-arbitrable claims." (*Id.* at 12.)

- "This is a straightforward patent infringement case that does not warrant a stay of discovery (or a protective order having the same effect) pertaining to Wi-LAN's nonarbitrable claims which discovery is necessarily required regardless of forum." (*Id.* at 17.)

54.     Wi-LAN continues to oppose LG's Motion to Stay and Motion for a Protective Order, completely ignoring Eleventh Circuit precedent requiring a district court to stay or dismiss claims asserted in a federal court action, should those claims become the subject of arbitration. (*See id.*)

55.     Wi-LAN continues to oppose LG's Motion to Stay and Motion for a Protective Order, even as it simultaneously pursues the New York Arbitration.

**Wi-LAN's Motion For Leave To File A Supplemental Second Amended Complaint**

56.     Wi-LAN continues to pursue its federal action before the Florida Court by, among other things, seeking to file a supplemental, Second Amended Complaint.  (*See* Florida Litigation, Dkt. 67.)  In its latest pleading, Wi-LAN seeks to add allegations relating to LG's willful patent infringement occurring *after* the filing of Wi-LAN's Original Complaint. (*Id.*)

57.     Wi-LAN continues to pursue federal litigation before the Southern District of Florida even as it simultaneously pursues the New York Arbitration within this Judicial District.

**The Subsequent Arbitration Demand Filed By Wi-LAN And The Commencement Of That Arbitration In This District.**

58.     On February 8, 2013, after LG filed its case-dispositive summary judgment motion, Wi-LAN filed a demand for arbitration with JAMS in New York, New York.

59.     In Wi-LAN's arbitration demand, Wi-LAN stated that the nature of the dispute "███████████████████████████████████████ ███████████████████████████████████████ ████████████████"

60.     Wi-LAN requested the following relief in its demand: "Wi-LAN requests that the arbitrator determine the proper interpretation of the PLA."  (*See also* Florida Litigation, Dkt. 38, Wi-LAN's Opp'n to Defs.' Mot. for Summ. J. of Non-Infringement Based on License, at 2 ("the scope of coverage of a license in relation to the claims of infringement in in [*sic*] this case"); Dkt. 37, Wi-LAN's Mot. to Compel Arbitration, at 1 ("claiming that the accused LG products at issue in this case are licensed under the PLA"), 6 ("LG seeks summary judgment of Wi-LAN's patent infringement suit allegedly because the accused products are licensed under the PLA").)

61.     On February 11, 2013, Wi-LAN filed its motion to compel arbitration with the Florida Court, arguing that the following provision of the parties' prior Agreement requires arbitration pursuant to 9 U.S.C. § 4:



(Ex. A ¶ 8.3.)

62.    Wi-LAN asked the Florida Court to compel arbitration in **New York.**

63.    As noted above, the only Accused Products identified in Wi-LAN's Complaints are **wireless** products.

64.    Notwithstanding the fact the Accused Products are covered by the Agreement, Wi-LAN contends that the Florida Court should deny LG's motion for summary judgment of non-infringement based on license and neither dismiss nor stay the action, should the Florida Court agree to compel arbitration.  (*See* Florida Litigation, Dkts. 38, 65, 68, 78.)

65.    Thus, Wi-LAN asserts that the Florida Court should split Wi-LAN's patent infringement claims and enter an order that provides for the dual-tracking of Wi-LAN's patent infringement claims.

66.    Specifically, Wi-LAN has argued that the Florida Court should compel arbitration of infringement issues relating to the only Accused Products identified in Wi-LAN's First Amended Complaint (which are wireless) and allow the Florida Litigation to continue with respect to certain unknown products that have not been identified by Wi-LAN, but may not be covered by the Agreement.  (*See* Florida Litigation, Dkt. 38, Wi-LAN's Opp'n to Defs.' Mot. for Summ. J. of Non-Infringement Based on License, at 7; *see also* Florida Litigation, Dkt. 54, Wi-LAN's Scheduling and Disc. Report and [Proposed] Scheduling Order, at 2 ("LG's license defense and the arbitration is based solely on televisions that have WiFi.  Even if LG prevails, the litigation will have to proceed with regard to LG televisions that do not have WiFi. Furthermore, the license defense will do nothing to inform the court of the technical infringement issues, the patents, or other defenses LG may assert"), at 4 ("Wi-LAN does not

believe arbitration will require a stay of these proceedings. The arbitration relates only to LG's license defense with regard to televisions having WiFi. It does not restrict the court from moving forward on the non-Wi-Fi televisions…. Moreover, the Patent License Agreement LG is relying on indicates that Wi-LAN may seek judicial relief in some instances even if it is in addition to an arbitration.").)

67.    In response to Wi-LAN's motion to compel arbitration, LG asserted that the Florida Court did not have jurisdiction to compel an arbitration that must take place in New York based on the clear language of 9 U.S.C. § 4. (*See* Florida Litigation, Dkt. 56 at 6-7.)

68.    LG has maintained that it had a contractual right to bring its case-dispositive summary judgment motion in the Florida Court, (*see id.* at 8-9,) and that Wi-LAN waived its right to seek arbitration, (*see id.* at 9-13).

69.    In the alternative, LG requested that, if the Florida Court accepts Wi-LAN's arbitration demand, then it should dismiss or stay the Florida Litigation. (*See id.* at 13-15.)

70.    In Wi-LAN's reply in support of its motion to compel arbitration, Wi-LAN continued to argue that the Florida Court should not dismiss or stay the Florida Litigation if it orders arbitration. (*See* Florida Litigation, Dkt. 69 at 9-10.)

71.    On March 4, 2013, JAMS commenced the Arbitration, as requested by Wi-LAN.

72.    LG objected to the New York Arbitration and requested that JAMS suspend or stay the Arbitration pending a court decision on whether Wi-LAN waived its right to arbitrate, whether LG had a contractual right to move for summary judgment in the Florida Litigation, arbitrability, and what issues, if any, require arbitration.

73.    Wi-LAN responded that the Arbitration should proceed before JAMS.

74.     On March 25, 2013, JAMS denied LG's request for a stay of the Arbitration and gave the parties only until April 4, 2013, to return their respective arbitrator strike list.

**The Settlement And License Agreement Between Wi-LAN And LG.**

75.     Between 2008 and 2010, Wi-LAN filed a series of lawsuits in the Eastern District of Texas against LG, alleging infringement of a number of Wi-LAN's patents.

76.     ███████████████████████████████████████████████
███████████████████████████████████. (*See* Ex. A.)

77.     Andrew Parolin, the only Wi-LAN employee that Wi-LAN identified in its Rule 26(a) Disclosures in the Florida Litigation, negotiated the Agreement on behalf of Wi-LAN.

78.     In Mr. Parolin's own words, "I, along with a colleague, negotiated WiLAN's existing wireless licensing agreement with LG."

79.     Wi-LAN's Rule 26(a) Disclosures confirm that Mr. Parolin is the sole Wi-LAN representative with information on "Wi-LAN background, ownership, licensing, and value of the patents-in-suit."

80.     After Wi-LAN filed its patent infringement suit in the Southern District of Florida, it was Mr. Parolin who forwarded the Original Complaint to LG.

81.     Accordingly, Mr. Parolin had actual knowledge of the Agreement and its provisions, including the arbitration provision, and was also instrumental in Wi-LAN's decision to file Wi-LAN's lawsuit against LG in the Southern District of Florida.

82.     In addition to Wi-LAN's license grant and corresponding release and covenant not to sue, the Agreement contains the following relevant definitions:

- 

Case 1:13-cv-02237-RA   Document 2   Filed 04/04/13   Page 15 of 21



85.     Wi-LAN confirmed in its Reply Brief in support of its Motion to Compel Arbitration that the preceding clause of the arbitration provision of the Agreement gives the parties the right to seek injunctive relief.  (*See* Florida Litigation, Dkt. 69 at 4 n.2.)

86.     Specifically, Wi-LAN stated "[t]he language LG invokes has nothing to do with summary judgment motions, but rather has to do with the parties' concurrent right to seek injunctive or equitable relief, for example in the form of a preliminary injunction or temporary restraining order, which LG has not done here."  (*Id.*)

## COUNT I

### Declaratory Judgment That Wi-LAN Is Precluded From Proceeding With And/Or Participating In The New York Arbitration Before JAMS

87.     LG repeats and realleges each of the allegations contained in Paragraphs 1 through 86 as if fully stated herein.

88.     There exists an actual controversy between LG and Wi-LAN that lies within the jurisdiction of the Court pursuant to 28 U.S.C. § 2201.

89.     By filing and pursuing the Florida Litigation, Wi-LAN waived any alleged right to arbitrate the claims asserted in the Florida Litigation.

90.     By pursuing the same patent infringement claims in both the Florida Litigation and the New York Arbitration, Wi-LAN has violated the claim-splitting doctrine, which warrants dismissal of the New York Arbitration.

91.     The exception to the arbitration provision of the Agreement specifically provides that Wi-LAN had the right to seek injunctive or equitable relief in the Florida Court instead of arbitration, which Wi-LAN did in fact do.  (Florida Litigation, Dkt. 35 ¶¶ 15, 24, Demand at B (pg. 8).)

92.     The exception to the arbitration provision of the Agreement specifically provides that LG has the right to assert equitable defenses against Wi-LAN's patent infringement claims and request injunctive relief in the Florida Court instead of arbitration.

93.     An actual and ripe controversy exists of sufficient immediacy to warrant declaratory relief.

94.     For these reasons, LG is entitled to a declaration that Wi-LAN is precluded from proceeding with and/or participating in the New York Arbitration before JAMS and/or that the

New York Arbitration should be terminated by Wi-LAN and/or that the New York Arbitration should be stayed pending the Florida Court's decision on the parties' pending motions.

## COUNT II

### Injunctive Relief To Enjoin Or Stay The New York Arbitration

95.     LG repeats and realleges each of the allegations contained in Paragraphs 1 through 94 as if fully stated herein.

96.     By filing and pursuing the Florida Litigation, Wi-LAN waived any alleged right to arbitrate the claims asserted in the Florida Litigation.

97.     By pursuing the same patent infringement claims in both the Florida Litigation and the New York Arbitration, Wi-LAN has violated the claim-splitting doctrine, which warrants dismissal of the New York Arbitration.

98.     The exception to the arbitration provision of the Agreement specifically provides that Wi-LAN had the right to seek injunctive or equitable relief in the Florida Court instead of arbitration, which Wi-LAN did in fact do.  (Florida Litigation, Dkt. 35 ¶¶ 15, 24, Demand at B (pg. 8).).

99.     The exception to the arbitration provision of the Agreement specifically provides that LG has the right to assert equitable defenses against Wi-LAN's patent infringement claims and request injunctive relief in the Florida Court instead of arbitration.

100.    LG can show a likelihood of success and/or can raise serious questions regarding whether the New York Arbitration should proceed in view of Wi-LAN's waiver of its alleged right to arbitrate, Wi-LAN's decision to pursue injunctive and equitable relief in a judicial forum pursuant to the Agreement, and improper claim-splitting.  LG can also show a likelihood of success and/or raise serious questions regarding whether the issues Wi-LAN has presented to JAMS are even arbitrable.

101.    LG will be irreparably harmed if the Court does not provide the requested relief because LG will be forced to needlessly incur great expense associated with simultaneously litigating the same patent infringement claims before the Florida Court and JAMS.

102.    LG will also be irreparably harmed if the Court does not provide the requested relief because from now until the time the Florida Court rules on LG's dispositive motions, transfer motion, and Wi-LAN's Motion to Compel Arbitration (and LG's responsive requests for a dismissal or stay), LG cannot participate in an arbitration that it does not believe should proceed.

103.    There is no adequate remedy at law because money damages will not adequately compensate LG for its loss of opportunity to represent itself in the New York Arbitration if this Court concludes that the New York Arbitration should proceed.

104.    The balance of hardships tips decidedly in favor of enjoining Wi-LAN from proceeding with and/or participating in the New York Arbitration.

105.    For these reasons, LG is entitled to relief in the form of a Temporary Restraining Order enjoining Wi-LAN from proceeding with and/or participating in the New York Arbitration, and thereafter a Preliminary Injunction doing likewise.

## PRAYER FOR RELIEF

WHEREFORE, LG respectfully requests entry of judgment in its favor and against Wi-LAN as follows:

(a) Declaring that Wi-LAN has waived any alleged right to arbitrate its patent infringement claims in the New York Arbitration;

(b) Declaring that Wi-LAN has violated the doctrine of claim-splitting by asserting its patent infringement claims in the Florida Litigation and the New York Arbitration;

(c) Declaring that by filing the Florida Litigation, Wi-LAN chose the exception to the Arbitration provision of the Agreement which specifically provides that Wi-LAN had the right to seek injunctive or equitable relief in the Florida Court instead of arbitration;

(d) Declaring that LG has the right to defend against Wi-LAN's patent infringement claims in the Florida Court based on the exception to the Arbitration provision of the Agreement which specifically provides that LG has the right to defend against Wi-LAN's patent infringement claims, including Wi-LAN's request for injunctive relief, in court;

(e) Declaring that Wi-LAN is precluded from proceeding with and/or participating in the New York Arbitration before JAMS and/or that the New York Arbitration should be terminated by Wi-LAN and/or that the New York Arbitration should be stayed pending the Florida Court's decision on the parties' pending motions;

(f) Enjoining Wi-LAN from proceeding with, participating in and/or pursuing the New York Arbitration;

(g) Ordering Wi-LAN to pay all of LG's costs and fees associated with this action; and

(h) Granting such further relief as the Court deems just and proper.

Dated: New York, New York
      April 3, 2013

GREENBERG TRAURIG, LLP

By: _____
Richard A. Edlin (edlinr@gtlaw.com)
James H. Donoian (donoianj@gtlaw.com)
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
(212) 801-6528 (*telephone*)
(212) 801-5528 (*facsimile*)

Richard D. Harris (*pro hac vice* to be filed)
James J. Lukas, Jr. (*pro hac vice* to be filed)
Eric J. Maiers (*pro hac vice* to be filed)
Mathew J. Levinstein (*pro hac vice* to be filed)
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Tel.: 312.456.8400
Fax: 312.456.8435
harrisr@gtlaw.com
lukasj@gtlaw.com
maierse@gtlaw.com
levinsteinm@gtlaw.com

*Attorneys for LG Electronics, Inc. and LG Electronics U.S.A., Inc.*

# EXHIBIT A

# FILED UNDER SEAL